# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **NATURAL ESSENTIALS INC.,** | ) |
| Plaintiff, | ) CASE NO: 5:21-cv-00823 |
| | ) |
| vs. | ) JUDGE JOHN R. ADAMS |
| | ) |
| | ) Magistrate Judge Kathleen B. Burke |
| **OLYMPIA SPORTS COMPANY, INC.,** | ) |
| Defendant. | ) |

## OLYMPIA SPORTS COMPANY, INC'S ANSWER
## TO NATURAL ESSENTIALS, INC.'S COMPLAINT

Defendant Olympia Sports, Inc. ("Olympia"), for its Answer, states as follows in numbered paragraphs that correspond to the numbered paragraphs in the Complaint. All factual allegations that are not expressly admitted in this Answer are denied.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 1 of the Complaint.

2. Olympia denies the allegations in Paragraph 2 of the Complaint.

3. Olympia denies the allegations in Paragraph 3 of the Complaint.

4. Olympia denies the allegations in Paragraph 4 of the Complaint.

5. Olympia denies the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 6 of the Complaint.

7. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Olympia denies the allegations in Paragraph 8 of the Complaint.

9. Olympia admits that that there is an Exhibit A attached to Plaintiff Natural Essentials Inc.' ("Natural Essentials") Complaint. The exhibit speaks for itself and Olympia otherwise denies the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required. Olympia denies the allegations contained in Paragraph 10 of the Complaint

## THE PARTIES

11. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. Olympia admits the allegations in Paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 15 of the Complaint.

## OLYMPIA'S LIABILITY UNDER THE AGREEMENT

16. Olympia denies the allegations in Paragraph 16 of the Complaint.

17. Olympia admits that that there is an Exhibit A attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 17 of the Complaint.

18. Olympia admits that there is an Exhibit B attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 18 of the Complaint.

19. Olympia admits that there is an Exhibit A attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 19 of the Complaint.

20. Olympia denies the allegations in Paragraph 20 of the Complaint.

21. Olympia denies the allegations in Paragraph 21 of the Complaint.

22. Olympia denies the allegations in Paragraph 22 of the Complaint.

23. Olympia denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 24 of the Complaint.

25. Olympia denies the allegations in Paragraph 25 of the Complaint.

26. Olympia admits that there is was an Exhibit C attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 26 of the Complaint.

27. Olympia admits that there is an Exhibit D attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 27 of the Complaint.

28. Olympia denies the allegations in Paragraph 28 of the Complaint.

29. Olympia admits that that there is an Exhibit E attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 29 of the Complaint.

30. Olympia admits that there is an Exhibit F attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 30 of the Complaint.

31. Olympia denies the allegations in Paragraph 31 of the Complaint.

32. Olympia denies the allegations in Paragraph 32 of the Complaint.

33. Olympia admits that there is an Exhibit G attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 33 of the Complaint.

34. Olympia admits that there is an Exhibit H attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 34 of the Complaint.

35. Olympia admits that there is an Exhibit I attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 35 of the Complaint.

36. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37. Olympia admits that there is an Exhibit J attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 37 of the Complaint.

38. Olympia denies the allegations in Paragraph 38 of the Complaint.

39. Olympia admits that there is an Exhibit K attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 39 of the Complaint.

40. Olympia denies the allegations in Paragraph 40 of the Complaint.

41. Olympia denies the allegations in Paragraph 41 of the Complaint.

42. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Paragraph 43 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 43 of the Complaint.

44. Olympia admits that there is an Exhibit K attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 44 of the Complaint.

45. Olympia denies the allegations in Paragraph 45 of the Complaint.

46. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47. Olympia admits that there is an Exhibit L attached to Natural Essentials' Complaint. The exhibit speaks for itself and Olympia otherwise denies the remaining allegations in Paragraph 47 of the Complaint.

## NATURAL ESSENTIALS' DAMAGES FOR OLYMPIA'S BREACH

48. Olympia denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 49 of the Complaint.

50. Olympia is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies the same.

51. Paragraph 51 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 52 of the Complaint.

## COUNT ONE: BREACH OF CONTRACT

53. Olympia repeats and re-alleges its answers to Paragraphs 1 through 52 of the Complaint with the same force and effect as if hereinafter set forth at length herein.

54. Olympia denies the allegations in Paragraph 54 of the Complaint.

55. Olympia denies the allegations in Paragraph 55 of the Complaint.

56. Olympia denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 58 of the Complaint.

## COUNT TWO: TORTIOUS INTERFERENCE

59. Olympia repeats and re-alleges its answers to Paragraphs 1 through 58 of the Complaint with the same force and effect as if hereinafter set forth at length herein.

60. Olympia denies the allegations in Paragraph 60 of the Complaint.

61. Olympia denies the allegations in Paragraph 61 of the Complaint.

62. Olympia denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 63 of the Complaint.

## COUNT THREE: UNJUST ENRICHMENT

64. Olympia repeats and re-alleges its answers to Paragraphs 1 through 63 of the Complaint with the same force and effect as if hereinafter set forth at length herein.

65. Olympia denies the allegations in Paragraph 65 of the Complaint.

66. Olympia denies the allegations in Paragraph 66 of the Complaint.

67. Olympia denies the allegations in Paragraph 67 of the Complaint.

68. Olympia denies the allegations in Paragraph 68 of the Complaint.

69. Olympia denies the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Olympia denies the allegations contained in Paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

72. Olympia asserts the following affirmative defenses and reserves all rights to assert other and additional defenses, counterclaims and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these affirmative defenses, Olympia does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places such burden upon Natural Essentials.

## FIRST AFFIRMATIVE DEFENSE

**Failure to State a Claim Upon Which Relief Can Be Granted**

73. Olympia asserts that Natural Essentials' Complaint fails to state a cause of action against Olympia upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**Lack of Personal Jurisdiction**

74. Olympia asserts that the Court lacks personal jurisdiction over Olympia, which does not transact business in Ohio. The Complaint should therefore be dismissed against Olympia under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**

**Improper Venue – First-Filed**

75. Olympia asserts that Natural Essentials is barred from pursuing his claims in the Northern District of Ohio because venue is improper, and the Complaint, and each purported claim contained therein, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue, which in this case is the Southern District of New York, where Olympia has filed a lawsuit based on the same causes of action, which is currently pending.

**FOURTH AFFIRMATIVE DEFENSE**

**Speculative Damages**

76. Olympia asserts that Natural Essentials is precluded from recovering any damages, including, consequential damages that are alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

**FIFTH AFFIRMATIVE DEFENSE**

**Cancellation of Contract**

77. Olympia asserts that the contract, if in fact, one existed, was mutually cancelled by Natural Essentials, and accordingly any duties owed by either party were excused.

## SIXTH AFFIRMATIVE DEFENSE

### No Breach by Olympia

78. Olympia asserts that it performed all duties owed under the contract, other than any duties which were prevented or excused, and therefore never breached the agreement. Natural Essentials' claims for breach of contract, if any, fail because Olympia complied with its contractual obligations, but Natural Essentials failed to comply with its contractual obligations.

## SEVENTH AFFIRMATIVE DEFENSE

### Breach by Natural Essentials

79. Olympia asserts to the extent Natural Essentials has suffered any damages for which the law would provide a remedy, which Olympia denies, any such damage resulted from the acts or omissions of person or entities other than Olympia.

## EIGHTH AFFIRMATIVE DEFENSE

### Prevention of Performance

80. Olympia asserts that Natural Essentials prevented Olympia from performing under the contract.

## NINTH AFFIRMATIVE DEFENSE

### Condition Precedent

81. Olympia asserts that its performance under the contract or agreement was conditioned upon Natural Essentials first performing, or another act or condition to occur, that such performance, act, or condition never took place, and that as a result Olympia was never obligated to perform.

## TENTH AFFIRMATIVE DEFENSE

### Force Majeure

82. Olympia asserts that Natural Essentials' claims are barred because a force majeure event prevented Olympia's performance.

## ELEVENTH AFFIRMATIVE DEFENSE

### Frustration of Purpose

83. Olympia asserts that an unexpected event or occurrence happened which totally destroyed the items or goods or prevented Olympia from receiving the goods and enforcement of the contract would not allow the parties to each receive the benefit of their bargain.

## TWELTH AFFIRMATIVE DEFENSE

### Impossibility

84. Olympia asserts that performance of contractual obligations was rendered impossible by an intervening event, which was both unforeseeable and destroyed either the contract's subject matter or the means of performance.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Commercial Impracticability

85. Olympia assets that Natural Essentials is barred from recovering against Olympia, because Olympia's obligations to perform under the law of the contract were discharged on the basis of commercial impracticability. The object of the contract became impracticable to perform, the nature of which was not within the contemplation of the parties at the time the contract was formed.

### FOURTEENTH AFFIRMATIVE DEFENSE

### Consent

86. Olympia asserts that the Complaint, and each purported cause of action alleged therein, is barred on the ground that, at all times alleged in the Complaint, Natural Essentials expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

### FIFTEENTH AFFIRMATIVE DEFENSE

### Anticipatory Repudiation

87. Olympia asserts that Natural Essentials or Natural Essentials' assignor, or a person acting on behalf of Natural Essentials or Natural Essentials' assignor stated that Natural Essentials would not perform under the contract, and therefore no further payment or performance was required by Olympia.

### SIXTEENTH AFFIRMATIVE DEFENSE

### Laches

88. Olympia asserts that Natural Essentials is barred from proceeding with this action on the ground that Natural Essentials is guilty of laches in failing to timely commence this action, which has prejudiced Olympia in its ability to discover adequate witnesses, testimony, facts, and evidence to support Olympia's defenses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### Unclean Hands

89. Olympia asserts that Natural Essentials claims set forth in the Complaint, in whole or in part, are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### Unjust Enrichment

90. Olympia asserts that all of Natural Essentials' claims in the Complaint are barred, in whole or in part, by the doctrine of unjust enrichment.

### NINETEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

91. Olympia asserts that Natural Essentials has failed to take reasonable steps to mitigate the damages claims herein, and the damages, if any, recoverable by Natural Essentials must be reduced by any amount of damages legally caused by Natural Essentials' failure to mitigate such damages in whole or in part.

### TWENTIETH AFFIRMATIVE DEFENSE

### Waiver

92. Olympia asserts that Natural Essentials has affirmatively taken the stance, or acknowledged, or excused performance or necessitated modification of contractual obligations, because of an event that constituted a force majeure event, or otherwise, that frustrated or made difficult or impracticable performance of contractual obligations and as such, Natural Essentials has waived all claims and causes of action and any recovery or remedy alleged in the complaint.

### TWENTY- FIRST AFFIRMATIVE DEFENSE

### Estoppel

93. Olympia assets that Natural Essentials has affirmatively taken the stance in relation to the contract or has otherwise acknowledged or excused performance or necessitated modification of contractual obligations, because of an event that constituted a force majeure

event, by the statements, conduct, acts, or omissions attributable to Natural Essentials alone, Natural Essentials is estopped from seeking any recovery or remedy as alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Recoupment of Damages

94. Olympia asserts to the extent Natural Essentials' damages, which Olympia denies there are any, were caused or exacerbated by any act, or failure to act, on the part of Natural Essentials, any damages awarded to Natural Essentials should be reduced accordingly.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### Setoff Damages

95. Olympia asserts that to the extent any liability is established, Natural Essentials' claims, in whole or in part, are subject to a setoff for amounts paid by Olympia under the relevant contract.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Reasonable and in Good Faith

96. Olympia asserts that at all he times it acted reasonably and in good faith in performing any obligations under the Agreement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Statute of Frauds

97. The Complaint, in whole or in part, is barred by the statute of frauds.

**WHEREFORE**, Olympia respectfully requests entry of an order: (1) dismissing the Complaint with prejudice; (2) entitling Olympia to recover the cost incurred in defending this action, including attorney's fees; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Richard D. Schuster*
Richard D. Schuster, Trial Attorney (0022813)
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-5475
Fax: (614) 719-4955
rdschuster@vorys.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served upon all parties via the court's electronic filing system on this 12th day of July, 2021.  Additionally, the undersigned has also served a copy by regular US mail to Natural Essentials' counsel at:

James E. von der Heydt
Laura E. Kogan
Yelena Boxer
Benesch, Friedlander, Coplan & Aronoff
200 Public Square, Suite 2300
Cleveland, OH 44114

*s/ Richard D. Schuster*
Richard D. Schuster, Trial Attorney
(0022813)

*Counsel for Defendant*