## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| **NATURAL ESSENTIALS INC.** | ) | **Case No. 5:21-cv-00823** |
| | ) | |
| **Plaintiff,** | ) | **Judge John R. Adams** |
| v. | ) | |
| | ) | **Magistrate Judge Kathleen B. Burke** |
| **OLYMPIA SPORTS COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## OLYMPIA SPORTS, INC.'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendant Olympia Sports, Inc. ("Olympia") brings this Motion to Transfer pursuant to 28 U.S.C. § 1404(a).   Since April 9, 2021, Olympia and Defendant Natural Essentials Inc. ("Natural Essentials") have been litigating a lawsuit originally brought in the Supreme Court of the State of New York, County of Putman, for wrongful repudiation of a purchase order.    Natural Essentials quickly removed that New York state court action to the United States District Court for the Southern District of New York (the "Southern District of New York").  Olympia respectfully requests that the Court transfer this matter to the Southern District of New York for consolidation. A memorandum in support of this motion is attached setting out the many factors that support transfer of this action.

Respectfully submitted,

_s/ Richard D. Schuster_
Richard D. Schuster, Trial Attorney
(0022813)
VORYS, SATER, SEYMOUR & PEASE
LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-5475
Fax: (614) 719-4955
rdschuster@vorys.com

_Counsel for Defendant_

<u>**MEMORANDUM**</u>

## I.    BACKGROUND

Olympia is a supplier of various goods including personal protective equipment ("PPE"). During the pandemic, Olympia undertook several initiatives to provide PPE to customers like Natural Essentials by sourcing the PPE from international manufacturers.  Natural Essentials executed a purchase order for PPE with Olympia, even though Natural Essentials understood that the COVID-19 pandemic had drastically increased the world-wide demand for PPE, which strained the supply chain and compromised shipments from manufacturers.  The purchase order did not contain a specific delivery date due to the state of the supply chain at the time.  Despite Olympia's efforts, the PPE was delayed due to various circumstances beyond Olympia's control, including the manufacturer's failure to ship the product when requested and the shipping crisis in the Suez Canal.  Instead of working towards an amicable solution, Natural Essentials repudiated the purchase order and sent Olympia a flurry of letters requesting damages for the delayed product, even though Natural Essentials was aware at all relevant times that the delays resulted from circumstances beyond Olympia's control.

In light of the above, Olympia brought suit against Natural Essentials on April 9, 2021, in the Supreme Court of the State of New York, County of Putman, for wrongfully repudiating the purchase order.  (*See* Notice with Summons, attached as Ex. A.)  Relying on identical facts, Natural Essentials filed suit in the United States District Court for the Northern District of Ohio (the "Northern District of Ohio") on April 19, 2021, with full knowledge of the action pending in New York.  (*See* Natural Essentials' Compl.)

1

On May 12, 2021, Olympia sent a letter to the Northern District of Ohio, later construed, and filed as a motion, explaining that Olympia had previously filed an identical matter in New York. (*See* May 12, 2021, Mot. for Ext.)  In the letter, Olympia requested additional time to secure counsel in the Northern District of Ohio.  (*See id.*)  The Court granted Olympia's request, and Olympia used the extension to pursue counsel and seek Natural Essentials' cooperation in hopes that this matter would settle.  Due to the complex nature of the settlement negotiations, however, Olympia had no choice but to request additional time to respond to the Complaint, which the Court also granted.  (*See* June 25, 2021, Mot. for Ext.)

While Olympia diligently worked to resolve the underlying issues via settlement, Natural Essentials filed a notice of removal in the Southern District of New York, which removed the identical action pending in the Supreme Court of the State of New York, County of Putman, to the Southern District of New York.  (*See* Ex. B.)  In the Notice of Removal, **Natural Essentials asserts that the Putnam County action should be removed given that venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1441(a).**  (*See id.*)  Along with the Notice of Removal, **Natural Essentials also filed a civil cover sheet, which shows on its face that Natural Essentials certified the Southern District of New York as the proper venue.**  (*See* Ex. C.)

In other words, Natural Essentials admitted on two separate occasions that the Southern District of New York is an appropriate venue for resolution of the underlying issues.  Olympia now respectfully submits that the Court should transfer this action to the Southern District of New York so that it may be consolidated with the identical action that is currently being litigated there at Natural Essentials' request.

## II.    DISCUSSION

A transfer of this case to the Southern District of New York is proper pursuant to 28 U.S.C. §

1404(a).  "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).  "Congress has granted district courts this discretionary power in order to

prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public

against unnecessary inconvenience and expense."  *Schindewolf v. Seymour Constr., Inc.*, No. 5:10-

CV-00204, 2010 U.S. Dist. LEXIS 56694, at *17 (N.D. Ohio June 3, 2010) (citing *Van Dusen v.

Barrack*, 376 U.S. 612, 616 (1964)) (internal quotations omitted).

The text of 28 U.S.C. § 1404(a) makes it clear that the threshold inquiry for the Court in

considering a 28 U.S.C. § 1404(a) transfer is whether the case "might have been brought" in the

transferee court.  *Worthington Metal Fabricators, LLC v. Burgess Steel Fabricators, LLC,* No.

5:13CV2230*,* 2014 U.S. Dist. LEXIS 135225, at *12 (N.D. Ohio Sept. 24, 2014).  "If so, the Court

must 'weigh in the balance a number of case-specific factors' in determining whether a transfer

would promote justice and convenience."  *Schindewolf v. Seymour Constr., Inc*., 2010 U.S. Dist.

LEXIS 56694, at *17 (citing *Stewart Org., Inc. v. Ricoh Corp*.., 487 U.S. 22, 29, 108 S. Ct. 2239,

101 L. Ed. 2d 22 (1988)).

The Northern District of Ohio has explained the analysis as follows:

> District courts vary in their enumeration of the specific factors to consider when
> ruling on a motion to transfer pursuant  to § 1404(a), but such factors can include:
> (1) the plaintiff's choice of forum, (2) the residence of the parties, (3) the nature of
> the suit, (4) the place where events took place, (5) the possibility of inspecting the
> premises, (6) the ease of access to sources of proof, (7) the location of material
> witnesses, (8) the availability of compulsory processes for the attendance of those
> witnesses, (9) other problems that may contribute to litigation expenses, (10) the
> local interest in deciding the controversy locally, (11) the burden of jury duty on
> the community, and (12) the congestion of court dockets. From this variation, it is
> clear that there is no definitive list of private and public factors in the 1404(a)
> calculus. Courts need not discuss every factor that may influence the balance of

3

conveniences and the interest of justice, but rather should focus their analysis on
those factors that are particularly relevant to a given transfer determination.

*Sanshuck v. Guzman*, No. 1:13CV1359, 2014 U.S. Dist. LEXIS 35242, at *6-7 (N.D. Ohio Mar.

18, 2014) (citing *Schindewolf v. Seymour Constr., Inc.*, 2010 U.S. Dist. LEXIS 56694, at *18-19).

Accordingly, Courts interpreting 28 U.S.C. § 1404(a) must engage in a two-step analysis and

determine: (1) whether the action might have been brought in the proposed transferee court; and

(2) whether considering all relevant factors, the balance of convenience and the interest of justice

favor transfer. *Campbell Soup Supply Co., LLC v. Direct Contact, LLC*, No. 5:18-cv-942, 2018

U.S. Dist. LEXIS 202355, at *6 (N.D. Ohio Nov. 29, 2018).

### A. Venue is Proper in the Southern District of New York Since Natural Essentials Acknowledged That Fact.

Natural Essentials' actions establish that the Southern District of New York is an appropriate

venue for this matter.  Olympia initially brought suit against Natural Essentials on April 9, 2021

in the Supreme Court of the State of New York, County of Putman, for wrongfully repudiating the

purchase order at issue.  (*See Olympia Sports Company, Inc., Natural Essentials Inc.*, No. 7:21-

cv-04279)  Relying on an identical set of facts, Natural Essentials subsequently filed suit in the

Northern District of Ohio on April 19, 2021.  (*See* Compl.)

While Olympia diligently worked to resolve the underlying issues, Natural Essentials filed a

notice of removal in the Southern District of New York, which removed the identical action

pending in the Supreme Court of the State of New York, County of Putman, to the Southern

District of New York.  In the Notice of Removal, **Natural Essentials states specifically that there**

**were appropriate grounds for removal because venue in the Southern District of New York**

**is proper under 28 U.S.C. § 1441(a).**  (*See* Ex. B.)  In addition, Natural Essentials completed a

civil cover sheet, which accompanied the Notice of Removal.  (*See* Ex. C.)  **In the Civil Cover**

Sheet, Natural Essentials expressly certified that venue was proper in Southern District of New York.[1]  (*See id.*)

Based on the foregoing, there is no dispute that this action might have been brought in the Southern District of New York given that Natural Essentials has already identified the Southern District of New York as an appropriate venue.  *See Suarez Corp. Indus. v. McGraw*, 71 F. Supp. 2d 769, 779 (N.D. Ohio 1999) (finding that objection to venue was waived through the defendant's notice of removal).

### B.  Transfer to the Southern District of New York is Convenient and Serves the Interest of Justice.

Based on the considerations set forth in *Sanshuck v. Guzman*, a transfer to the Southern District of New York is justified for the convenience of the parties and witnesses and is in the interest of justice under 28 U.S.C. § 1404(a).  *Sanshuck v. Guzman*, 2014 U.S. Dist. LEXIS 35242, at *6-7.

a.  <u>Natural Essentials' Choice of Forum</u>

Natural Essentials identified the Southern District of New York as it choice of forum when it certified the Southern District of New York as the proper forum for resolution of the underlying issues.  (*See* Exs. B & C.)  As previously stated, this matter involves two identical actions in distinct federal venues: the Northern District of Ohio and the Southern District of New York.  Natural Essentials admitted multiple times that the Southern District of New York is an appropriate venue. In particular, Natural Essentials removed the duplicate action in Putnam County, New York to the Southern District of New York, and certified the Southern District of New York as the proper venue for the duplicate matter. (*See id.*)

---

[1] The relevant language from the Civil Cover Sheet is as follows: "I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21 . . . THIS ACTION SHOULD BE ASSIGNED TO: . . . WHITE PLAINS."  The White Plains Courthouse is a seat of the Southern District of New York.

Based on the foregoing, there is no dispute that Natural Essentials selected the Southern District of New York as its choice of forum.  Transfer to the Southern District of New York is also supported by the fact the action currently pending in that court was filed first. [2]

    b.  <u>Convenience of the Witnesses</u>

"The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under §1404(a)."  *Worthington Metal Fabricators, LLC v. Burgess Steel Fabricators, LLC,* 2014 U.S. Dist. LEXIS 135225, at \*16 (citing *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1319 (S.D. Ohio 1991)) (internal quotations omitted). Given that this matter centers on a purchase order, which remains unfulfilled due to circumstances beyond Olympia's control, the claims in this matter will necessarily rely upon the testimony from employees and agents within Olympia's corporate structure.  Such testimony will detail how Olympia's efforts to satisfy the purchase order were obstructed by events beyond Olympia's control.  Transferring the case to New York will undoubtedly provide easier access to witnesses, including Roger Heumann, Olympia's President, and Jeff Lee, Olympia's Sales Manager.  (*See* Aff. of Roger Heumann, Ex. D.)  The same is true for relevant non-party witnesses like Barry Shain, and Maryanne Cristelli (Bartnik), both of whom are independent sales contractors with

---

[2] Cases supporting the first-filed jurisdiction as the appropriate choice of forum are legion.  *Silver Knight Sales & Mktg., Ltd.*, No. 2:06-cv-123, 2006 U.S. Dist. LEXIS 80909, at \*12 (S.D. Ohio Nov. 6, 2006) (observing that, "the fact that a related action is pending in the proposed transferee district is an important consideration that can override plaintiff's choice of forum because the second action will promote judicial economy and avoid the possibility of inconsistent results"); *see also Romine v. Compuserve Corp.,* 160 F.3d 337, 339 (6th Cir. 1998) (quoting the Supreme Court in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) for the proposition that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts"); *see also Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) (noting that, "[w]here two actions, involving overlapping issues, and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule"); *see also United States Fire Ins. Co. v. Goodyear Tire & Rubber Co*., 920 F.2d 487, 488 (8th Cir. 1990) (describing the first-filed rule as "well-established"); *see also Church of Scientology of Cal. v. United States Dep't of Defense,* 611 F.2d 738, 750 (9th Cir. 1979) (noting that the first-filed rule "should not be disregarded lightly").

knowledge of the underlying events.  (*See id.*)  All of these witnesses are located in New York or the surrounding metro area—none are located in Ohio.  (*See id.*)

In addition, all of the shipping for the goods at issue was coordinated out of New York, and the goods which were delivered also passed through New York for inspection.  As such, the cost and expense of discovery, depositions, and compelling witnesses to appear for proceedings would be greatly reduced by transferring this case to New York for consolidation with the duplicate matter pending there. With the majority of non-party witnesses in New York, the case can proceed more efficiently and non-party witnesses will not be as inconvenienced to participate in proceedings.  In light of these circumstances, this factor, which is regarded as the most important factor, weighs heavily in favor of transfer.

### c.  Location of Documents

Here, all of the disputed transactions took place in New York, and the funds at issue were deposited in New York banks.  The documents memorializing these dealings, including all relevant emails, purchase orders, warehouse receipts, inventory records, shipping orders, invoices, cancelled checks, and other documents, are located in New York.  Therefore, this factor likewise weighs in favor of transfer.

### d.  Relative Financial Strength of the Parties

The relative financial strength of the parties and their respective abilities to conduct the litigation in the original forum and the proposed transferee forum are factors relevant to a decision to transfer.  *Id.* at *15-16.  Natural Essentials has sufficient financial strength to conduct this litigation in the Southern District of New York.  The fact that Natural Essentials has the financial latitude to fund two identical actions in two separate states is evidence of that fact.  In the same vein, Natural Essentials has retained four attorneys to handle the duplicate matter pending in New

7

York, and Natural Essentials has already made significant efforts to advance that case by removing it to the Southern District of New York.  Accordingly, the Court should find that Natural Essentials has sufficient financial strength to continue litigation in the Southern District of New York.

### e.  Relative Ease of Access to Proof/Practical Problems

Although Natural Essentials is an Ohio company, the transactions at issue occurred in New York, and Natural Essentials has already removed the duplicate matter pending there to the Southern District of New York.  Through these actions, Natural Essentials has already demonstrated that it is capable of advancing this matter with ease in the Southern District of New York, which Natural Essentials certified as its choice of forum.  In addition, transferring the case to New York will undoubtedly provide easier access to witnesses, including Roger Heumann, Jeff Lee, Barry Shain, and Maryanne Cristelli (Bartnik).  These individuals are all located in New York and the surrounding metro area.  (*See* Ex. D.)  Like all of the others previously mentioned, this factor likewise leans in favor of transfer.

## III.    CONCLUSION

The two-step analysis required under 28 U.S.C. § 1404(a) points overwhelmingly to the appropriateness of transferring this action to the Southern District of New York.  Due to Natural Essentials' admissions, it is clear that this action might have been brought, and indeed has been brought, in the Southern District of New York.  Furthermore, the circumstances of this case sufficiently dictate that a transfer to the Southern District of New York is justified for the convenience of the parties and witnesses and is in the interest of justice under 28 U.S.C. § 1404(a).

The judicial inefficiencies and potential for inconsistent judicial rulings that exist if these cases proceed separately in the Northern District of Ohio and Southern District of New York dictate the

need for transfer and consolidation and overwhelm any interest Natural Essentials may have had in bringing this case in Ohio.

Accordingly, Olympia respectfully requests that the Court transfer this matter to the Southern District of New York so that it may be consolidated with the duplicate action that is currently pending there.[3]

Respectfully submitted,

 *s/ Richard D. Schuster*
Richard D. Schuster, Trial Attorney (0022813)
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-5475
Fax: (614) 719-4955
rdschuster@vorys.com

*Counsel for Defendant*

---

[3] If the Court denies Olympia's Motion to Transfer, Olympia intends to file a motion for judgment on the pleadings for lack of personal jurisdiction, as well as improper venue based on the first-to-file rule.  Olympia has expressly reserved the affirmative defenses of personal jurisdiction and improper venue in its Answer.  In the same vein, Olympia believes that Natural Essential's allegations fail to make the prima facie showing necessary to establish that personal jurisdiction exists over this matter. *See Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). Simply put, the pleading must set forth with reasonable particularity those specific facts that support jurisdiction. While Natural Essential's Complaint provides various allegations about the purchase order at issue, it fails to provide any allegations that could definitively remove the issues of personal jurisdiction or venue from contention, particularly in light of the first-to-file rule. *See Preferred Capital, Inc. v. Assocs. In Urology*, 453 F.3d 718, 720 (6th Cir. 2006) ("Dismissal is proper where the facts taken together fail to establish a prima facie case for personal jurisdiction.").

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served upon all parties via the court's electronic filing system on this 12th day of July, 2021.  Additionally, the undersigned has also served a copy by regular US mail to Plaintiff's counsel at:

James E. von der Heydt
Laura E. Kogan
Yelena Boxer
Benesch, Friedlander, Coplan & Aronoff
200 Public Square, Suite 2300
Cleveland, OH 44114


*s/ Richard D. Schuster*
Richard D. Schuster, Trial Attorney
(0022813)

*Counsel for Defendant*

1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

OLYMPIA SPORTS COMPANY, INC.

                                    Plaintiff(s),

            -vs-

NATURAL ESSENTIALS, INC.

                                    Defendant(s)

**SUMMONS WITH NOTICE**

Index No.:_____
Date Index No. Purchased: _____

Plaintiff designates Putnam
County as the Place of Trial.
The basis of venue is Plaintiff's
primary place of business.

To the Person(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by
serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after
the service of this Summons (not counting the day of service itself), or within 30 days after service
is complete if the summons is not delivered personally to you within the State of New York.

        YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment
will be entered against you by default for the relief demanded below.

Dated: APRIL 9, 2021

_____
Fredric Goodman, Esq.
Marin/Goodman, LLP
Attorneys for Plaintiff Olympia Sports
Company, Inc.
500 Mamaroneck Avenue, Suite 102
Harrison, NY 10528
USA
(212) 661-1151

Address of Plaintiff: 281 Fields Lane, Brewster, NY 10509

Defendant's Address: Natural Essentials, Inc., 115 Lena Drive, P.O. Box 573, Aurora, OH 44202

**Notice**: The nature of this action is a declaratory judgement and money damages. Upon information and belief, on behalf of Plaintiff, it is alleged as follows:

Plaintiff is a supplier of various goods and during the pandemic, undertook efforts to supply personal protection equipment (PPE) to buyers. Plaintiff sourced PPE product from international manufacturers. Defendant sought to purchase PPE product from plaintiff. Defendant was aware of the difficulty in acquiring product given the overwhelming world-wide demand, lack of supply and the reliance on manufacturers to ship product as requested. Pursuant to a first purchase order for PPE gloves, plaintiff was able to supply defendant with a container of gloves, which did not arrive until approximately six weeks after the "Good Through" date on the purchase order as a result of the inherent difficulties in fulfilling orders during these difficult times. A second Purchase Order, dated October 29, 2020, was entered into with a "Good Through" date of November 28,2020. Like the first one, the second Purchase Order did not contain a specific delivery date, given the nature of the supply chain. As with the first product delivered by plaintiff, the second product sought by defendant was and remains delayed for many reasons including but not limited to the manufacturer's failure to ship product when requested and the shipping crisis at the Suez Canal. Defendant has caused their counsel to send a series of letters to plaintiff seeking damages for the failure to deliver product despite the fact that defendant was aware that plaintiff did not receive a shipment of such product from the manufacturer. Plaintiff alleges that no valid contract exists in relation to this second purchase order because there is no delivery date and the "Good Through" date on the purchase order has expired. In the event that a contract was created, the plaintiff is excused from performance because Plaintiff's principal purpose was substantially frustrated without plaintiff's fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, which was clearly understood by both parties at the time of contracting. There has been no breach by the Plaintiff. Further, performance, through no fault of plaintiff's own, has been made impracticable by the occurrence of a contingency, the non-occurrence of which was a basic assumption of the contract. Thus, Plaintiff's duties to render performance are discharged. In this case, the Plaintiff's frustration was substantial, and the non-occurrence of the frustrating event was a basic assumption on which the contract was made. Defendant is well-aware of the nature of the industry and the issues involving the shipping and delivery of goods supplied by outside manufacturers. Here, Plaintiff acted in good faith and notified the defendant reasonably that delivery would be delayed. Defendant has improperly sought to repudiate the purchase order after the order has been placed, thereby causing plaintiff substantial money damages to the extent plaintiff is unable to mitigate its losses.

**The relief sought is:**

Plaintiff seeks to recover damages for defendant's wrongful repudiation of the contract. Defendant acted in bad faith and Plaintiff is entitled to recover for all damages as a result of defendant's willful breach. Plaintiff has the right to withhold or stop delivery on any future orders. Due to the breach, Plaintiff is entitled to the difference between the unpaid contract and the market price at the time and place of the tender of the goods, plus any incidental damages, less expenses saved, which totals approximately $5,000,000 less plaintiff's ultimate mitigation of damages, if any. In this case, since, defendant wrongfully repudiated the contract, Plaintiff is entitled to resell and recover damages, recover damages for non-acceptance or recover the price. Plaintiff can

recover for the price of goods if after reasonable efforts to resell them at a reasonable price plaintiff is unable to do so or the circumstances reasonably indicate that such efforts will be unavailing. In addition, plaintiff seeks a declaration from the court that no contract between plaintiff and defendant existed with respect to a delivery date and that if it is determined that a valid and binding contract exists, then an order stating that plaintiff has no liability to defendant due to doctrines of frustration of purpose, impracticability of performance, and plaintiff's wrongful repudiation among other reasons that the court may deem just and proper.

Should Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $5,000,000, with interest and the costs of this action.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------ x
OLYMPIA SPORTS COMPANY, INC.         :
                                     :
            Plaintiff                :
                                     :          Civil Action No.
                                     :
vs.                                  :          JUDGE
                                     :
NATURAL ESSENTIALS INC.              :
                                     :
            Defendant                :
                                     :
------------------------------------------------ x
```

## **NOTICE OF REMOVAL**

Defendant Natural Essentials Inc. ("Natural Essentials") gives notice pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446 that this cause is hereby removed from the Supreme Court of the State

of New York, County of Putnam, to the United States District Court for the Southern District of

New York.  As grounds for this removal, Natural Essentials represents:

1.      On April 9, 2021, Plaintiff Olympia Sports Company, Inc. ("Olympia")

commenced an action against Natural Essentials in the Supreme Court of the State of New York,

County of Putnam, styled *Olympia Sports Company, Inc. vs. Natural Essentials, Inc.*, Index No.

500508/2021 (the "Supreme Court Action"). A true and correct copy of the Summons with Notice

filed in the Supreme Court Action is attached to this Notice of Removal as **Exhibit A**.

2.      On April 22, 2021, Natural Essentials was served with the Summons with Notice

in the Supreme Court Action. *See* **Exhibit B**.

3.      Prior to filing this Notice of Removal, Natural Essentials made no answer or

pleading in the Supreme Court Action.  This Notice of Removal is filed in the United States District

Court for the Southern District of New York, within thirty days of the initial pleading setting forth

the claims for relief upon which the Supreme Court Action was based.[1] This Notice of Removal is therefore timely, as it is filed within thirty days of Natural Essentials' receipt of the Summons with Notice by service. *See* 28 U.S.C. § 1446(b).

4.      Venue for this Notice of Removal is proper in this Court under 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Putnam, is within this Court's district and division. *See* 28 U.S.C. § 1441(a). Therefore, the Supreme Court Action is properly removable to this Court. *See* 28 U.S.C. § 112(b) (stating that the Southern District of New York includes Putnam County).

5.      Olympia's Summons with Notice alleges that Natural Essentials wrongfully repudiated the contract between the parties. Olympia seeks $5,000,000 in damages. In addition to its damages, Olympia seeks a declaration to clarify that no valid contract existed between the parties. *See* **Exhibit A**.

6.      Removal of Olympia's claims to this Court is proper under 28 U.S.C. § 1441(a) because this Court has diversity jurisdiction. Natural Essentials is an Ohio corporation with its principal place of business in Ohio. Olympia is a Delaware corporation with its principal place of business in New York. Because Olympia and Natural Essentials are citizens of different states, within the meaning of 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000 exclusive of interests and costs, the diversity of jurisdiction requirement is satisfied.

7.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal has or will timely be filed with the Supreme Court of the State of New York, County of Putnam, and a written notice of this removal has been served on Olympia.

---

[1] A "summons with notice [is] an 'initial pleading' for purposes of 28 U.S.C. § 1446." *Jones Chems., Inc. v. Distribution Architects Int'l, Inc.*, 786 F. Supp. 310, 312-13 (W.D.N.Y. 1992).

8.      Natural Essentials reserves the right to amend or supplement this Notice of Removal.

9.      Natural Essentials reserves all defenses, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive such defenses by the filing of this Notice of Removal.

**WHEREFORE**, Natural Essentials respectfully requests that the Supreme Court Action be removed to this Court.

Dated:    May 12, 2021
          New York, New York

Respectfully submitted,

*/s/ Daniel M. Meier*
DANIEL M. MEIER (DM-0328)
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
39 Broadway, 25th Floor
New York, NY 10006-3039
Telephone:   646.798.8901
Facsimile:   646.798.8902
Email:       dmeier@beneschlaw.com

Yelena Boxer (Ohio No. 0071379)
(*Pro Hac Vice Forthcoming*)
James E. von der Heydt (Ohio No. 0090920)
(*Pro Hac Vice Forthcoming*)
Laura E. Kogan (Ohio No.0087453)
(*Pro Hac Vice Forthcoming*)
**BENESCH, FRIEDLANDER, COPLAN
    & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:   216.363.4500
Facsimile:   216.363.4588
Emails:      yboxer@beneschlaw.com
             jvonderHeydt@beneschlaw.com
             lkogan@beneschlaw.com

*Attorneys for Defendant Natural Essentials Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Daniel M. Meier
DANIEL M. MEIER (DM-0328)
*Attorney for Defendant Natural Essentials Inc.*

14458036 v1

# EXHIBIT C

JS 44C/SDNY
REV.
10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Olympia Sports Company, Inc.

**DEFENDANTS**
Natural Essentials Inc.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Fredric Goodman, Marin/Goodman, LLP, 500 Mamaroneck Avenue, Suite 102, Harrison, NY 10528, (212) 661-1151

**ATTORNEYS (IF KNOWN)**
Daniel M. Meier (DM-0328), Benesch, Friedlander, Coplan & Aronoff LLP, 39 Broadway, 25th Floor, New York, NY 10006, (646) 798-8901
Email: dmeier@beneschlaw.com

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action for breach of contract and declaratory relief filed pursuant to 28 U.S.C. § 1332(a)(1).

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes [ ]    Judge Previously Assigned

If yes, was this case  Vol.[ ]  Invol.[ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

**IS THIS AN INTERNATIONAL ARBITRATION CASE?**    **No** [x]    **Yes** [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

### TORTS

### ACTIONS UNDER STATUTES

**CONTRACT**

| | |
|---|---|
| [ ] 110 | INSURANCE |
| [ ] 120 | MARINE |
| [ ] 130 | MILLER ACT |
| [ ] 140 | NEGOTIABLE INSTRUMENT |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT |
| [ ] 151 | MEDICARE ACT |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS |
| [ ] 160 | STOCKHOLDERS SUITS |
| [x] 190 | OTHER CONTRACT |
| [ ] 195 | CONTRACT PRODUCT LIABILITY |
| [ ] 196 | FRANCHISE |

**REAL PROPERTY**

| | |
|---|---|
| [ ] 210 | LAND CONDEMNATION |
| [ ] 220 | FORECLOSURE |
| [ ] 230 | RENT LEASE & EJECTMENT |
| [ ] 240 | TORTS TO LAND |
| [ ] 245 | TORT PRODUCT LIABILITY |
| [ ] 290 | ALL OTHER REAL PROPERTY |

**PERSONAL INJURY**

| | |
|---|---|
| [ ] 310 | AIRPLANE |
| [ ] 315 | AIRPLANE PRODUCT LIABILITY |
| [ ] 320 | ASSAULT, LIBEL & SLANDER |
| [ ] 330 | FEDERAL EMPLOYERS' LIABILITY |
| [ ] 340 | MARINE |
| [ ] 345 | MARINE PRODUCT LIABILITY |
| [ ] 350 | MOTOR VEHICLE |
| [ ] 355 | MOTOR VEHICLE PRODUCT LIABILITY |
| [ ] 360 | OTHER PERSONAL INJURY |
| [ ] 362 | PERSONAL INJURY - MED MALPRACTICE |

**PERSONAL INJURY/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY**

| | |
|---|---|
| [ ] 367 | HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY |
| [ ] 365 | PERSONAL INJURY PRODUCT LIABILITY |
| [ ] 368 | ASBESTOS PERSONAL INJURY PRODUCT LIABILITY |

**PERSONAL PROPERTY**

| | |
|---|---|
| [ ] 370 | OTHER FRAUD |
| [ ] 371 | TRUTH IN LENDING |
| [ ] 380 | OTHER PERSONAL PROPERTY DAMAGE |
| [ ] 385 | PROPERTY DAMAGE PRODUCT LIABILITY |

**PRISONER PETITIONS**

| | |
|---|---|
| [ ] 463 | ALIEN DETAINEE |
| [ ] 510 | MOTIONS TO VACATE SENTENCE 28 USC 2255 |
| [ ] 530 | HABEAS CORPUS |
| [ ] 535 | DEATH PENALTY |
| [ ] 540 | MANDAMUS & OTHER |

**PRISONER CIVIL RIGHTS**

| | |
|---|---|
| [ ] 550 | CIVIL RIGHTS |
| [ ] 555 | PRISON CONDITION |
| [ ] 560 | CIVIL DETAINEE CONDITIONS OF CONFINEMENT |

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

| | |
|---|---|
| [ ] 440 | OTHER CIVIL RIGHTS (Non-Prisoner) |
| [ ] 441 | VOTING |
| [ ] 442 | EMPLOYMENT |
| [ ] 443 | HOUSING/ ACCOMMODATIONS |
| [ ] 445 | AMERICANS WITH DISABILITIES - EMPLOYMENT |
| [ ] 446 | AMERICANS WITH DISABILITIES -OTHER |
| [ ] 448 | EDUCATION |

**FORFEITURE/PENALTY**

| | |
|---|---|
| [ ] 625 | DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 |
| [ ] 690 | OTHER |

**PROPERTY RIGHTS**

| | |
|---|---|
| [ ] 820 | COPYRIGHTS |
| [ ] 830 | PATENT |
| [ ] 835 | PATENT-ABBREVIATED NEW DRUG APPLICATION |
| [ ] 840 | TRADEMARK |

**LABOR**

| | |
|---|---|
| [ ] 710 | FAIR LABOR STANDARDS ACT |
| [ ] 720 | LABOR/MGMT RELATIONS |
| [ ] 740 | RAILWAY LABOR ACT |
| [ ] 751 | FAMILY MEDICAL LEAVE ACT (FMLA) |
| [ ] 790 | OTHER LABOR LITIGATION |
| [ ] 791 | EMPL RET INC SECURITY ACT (ERISA) |

**IMMIGRATION**

| | |
|---|---|
| [ ] 462 | NATURALIZATION APPLICATION |
| [ ] 465 | OTHER IMMIGRATION ACTIONS |

**BANKRUPTCY**

| | |
|---|---|
| [ ] 422 | APPEAL 28 USC 158 |
| [ ] 423 | WITHDRAWAL 28 USC 157 |

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**

| | |
|---|---|
| [ ] 861 | HIA (1395ff) |
| [ ] 862 | BLACK LUNG (923) |
| [ ] 863 | DIWC/DIWW (405(g)) |
| [ ] 864 | SSID TITLE XVI |
| [ ] 865 | RSI (405(g)) |

**FEDERAL TAX SUITS**

| | |
|---|---|
| [ ] 870 | TAXES (U.S. Plaintiff or Defendant) |
| [ ] 871 | IRS-THIRD PARTY 26 USC 7609 |

**OTHER STATUTES**

| | |
|---|---|
| [ ] 375 | FALSE CLAIMS |
| [ ] 376 | QUI TAM |
| [ ] 400 | STATE REAPPORTIONMENT |
| [ ] 410 | ANTITRUST |
| [ ] 430 | BANKS & BANKING |
| [ ] 450 | COMMERCE |
| [ ] 460 | DEPORTATION |
| [ ] 470 | RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 480 | CONSUMER CREDIT |
| [ ] 485 | TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 490 | CABLE/SATELLITE TV |
| [ ] 850 | SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 890 | OTHER STATUTORY ACTIONS |
| [ ] 891 | AGRICULTURAL ACTS |
| [ ] 893 | ENVIRONMENTAL MATTERS |
| [ ] 895 | FREEDOM OF INFORMATION ACT |
| [ ] 896 | ARBITRATION |
| [ ] 899 | ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 950 | CONSTITUTIONALITY OF STATE STATUTES |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $ 5,000,000    OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [x] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*     **ORIGIN**

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation (Transferred)    ☐ 7 Appeal to District Judge from Magistrate Judge

     ☐ a. **all parties represented**

     ☐ b. **At least one party is pro se.**      ☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*     **BASIS OF JURISDICTION**     ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☒ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [x] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [x] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

281 Fields Lane, Brewster, New York 10509
Putnam County, New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

115 Lena Drive, Aurora, Ohio 44202
Portage County, Ohio

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☒ WHITE PLAINS    ☐ MANHATTAN

DATE 05/12/2021     /s/ Daniel M. Meier

          SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. March Yr. 2007 )
Attorney Bar Code # DM-0328

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# EXHIBIT D

## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| NATURAL ESSENTIALS INC. | ) | |
| | ) | |
| | ) | Case No. 5:21-cv-00823 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| OLYMPIA SPORTS COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF ROGER HEUMANN

I, Roger Heumann, being first duly sworn on oath, depose and say:

1.  I am over eighteen years of age and am competent to testify with respect to the following matters.

2.  I am capable of making this affidavit and make the following statements based on my personal knowledge.

3.  I am the President of Olympia Sports Company, Inc. ("Olympia").

4.  In connection with the above-referenced action, several Olympia employees, as well as independent contractors, were involved in executing the purchase order and have knowledge of the underlying facts at issue, including Jeff Lee who works for Olympia as a Sales Manager, as well as Barry Shain and Maryann Cristelli (Bartnik) who work for Olympia as independent contractors.

5.  Jeff Lee, Barry Shain and Maryann Cristelli (Bartnik) have relevant knowledge of the underlying facts, including the transaction history for the purchase order, the efforts that Olympia took to secure delivery of the goods at issue, as well as the many circumstances beyond Olympia's control that obstructed fulfillment of the purchase order.

1

6.  Myself, Jeff Lee, Barry Shain and Maryann Cristelli (Bartnik) work in the State of New York in New York City and the surrounding metro area.


FURTHER AFFIANT SAYETH NAUGHT:


*Roger Heumann*    07/12/2021 03:54 PM EDT
_____
Roger Heumann, President of Olympia Sports Company, Inc.



The foregoing instrument was sworn to and subscribed before me this 12th day of July, 2021 by Roger Heumann.  This is a jurat certificate; an oath or affirmation was administered to the signer with regard to this notarial act.



CHRISTOPHER M. BLINN
Notary Public, State of Ohio
My Commission Expires:
October 30, 2025

*Christopher M. Blinn*    07/12/2021 03:55 PM EDT
_____
Christopher M. Blinn, Online Notary Public


Online Notary Public. This notarial act involved the use of online audio/video communication technology.

My Commission expires:_____


2